HOOD, Judge.
This is a workmen’s compensation suit instituted by Antoine Thibodeaux against his employer, Earl McNabb, in which plaintiff claims compensation benefits based on total and permanent disability. Judgment was rendered by the district court rejecting plaintiff’s demands, and plaintiff has appealed.
Plaintiff contends that he sustained an injury to his back on March 26, 1962, while he was driving a tractor in the course of his employment by defendant. He testified that while riding on this machine over a levee in a rice field the tractor tilted and caused him to twist and to hurt his back.
Medical treatment was provided by defendant from the date on which the accident allegedly occurred until July 2, 1962, when plaintiff was discharged by one of the treating physicians as being fully recovered and able to return to work. Defendant paid workmen’s compensation benefits to plaintiff from the date of the accident until July 9, 1962, which was approximately one week after plaintiff had been discharged by that treating physician.
The principal issue presented on this appeal is one of fact; that is, whether plaintiff has been disabled since July 9, 1962, as a result of the injury which he allegedly sustained on March 26, 1962.
Dr. Paul Shorts, a general practitioner, examined plaintiff on the day the accident is alleged to have occurred. He saw plaintiff again one week later, at which time he referred him to Dr. Edmond C. Campbell, an orthopedic surgeon, for further examination and treatment. Dr. Shorts did not testify at the trial, so the record does not show his findings or diagnosis.
Dr. Campbell examined plaintiff on March 31, 1962, and concluded that he had sustained “a mild straining injury to his lumbar muscle.” He prescribed drugs for relaxing muscles and for pain, and instructed plaintiff in the performance of flexion exercises. He examined plaintiff again on April 23 and on July 2, 1962. On the last-mentioned date he felt that plaintiff had fully recovered from his injuries, and he thereupon discharged him as being able to return to heavy manual labor.
Plaintiff consulted Dr. Donald R. Ves-ley, a general practitioner, on April 16, 1962, while he was still under treatment by Dr. Campbell. Dr. Vesley began treating plaintiff on that day, and he has seen and treated plaintiff on an average of once every two weeks since that time, the treatment consisting of the administration of muscle relaxants, heat treatments, and other types of conservative therapy. On the first examination Dr. Vesley diagnosed plaintiff’s condition as a lumbosacral strain. He testified, however, that about a month later other symptoms appeared and he then changed his diagnosis to “a severe, chronic lumbosacral strain, with a possibility of a more serious type of injury, namely, lumbar disk and pinching on nerves.” In his opinion plaintiff has been unable to perform heavy manual labor since the date of the accident.
*596 Dr. C. V. Hatchette, an orthopedic surgeon, examined plaintiff on January 11, 1963, and again on February 28, 1963. The first examination made by Dr. Hatchette was completely negative as to injury or disability, and the doctor thereupon concluded that plaintiff had completely recovered from any injury which he may have sustained earlier, and that he was then able to return to work. On the second examination made about seven weeks later, however, Dr. Hatchette found muscle spasm on the left side of his lumbar spine and limitation of motion in the back, which signs were not present when plaintiff was first seen. As a result of this last examination Dr. Hatchette concluded that plaintiff then had a lumbosacral injury which, in his opinion, disabled him from performing heavy manual labor. He found nothing, however, to indicate that plaintiff had a disk injury. Dr. Hatchette was unable to state whether the condition found on the last examination was caused by the injury which is alleged to have been sustained on March 26, 1962, or whether it was caused by some activity in which plaintiff engaged after the first examination and before the second.
It is apparent from our analysis of the medical testimony that the two treating physicians, an orthopedic surgeon and a general practitioner, disagree as to whether' plaintiff has been disabled since the payment of compensation benefits was discontinued. Considering the nature of the alleged injury and the specialized training which the orthopedic surgeon has had with reference to that type of injury, we feel that the opinions expressed by Dr. Campbell, the orthopedist, are entitled to more weight than are those expressed by the other treating physician. We do not interpret Dr. Hatchette’s testimony to be that the disability which he found on his last examination of plaintiff definitely resulted from a work-connected accident, because Dr. Hatchette stated that it could have resulted either from the accident or from some other activity in which plaintiff engaged shortly before the last examination was made.
Since there is a disagreement among the medical experts as to whether plaintiff is disabled, it is proper to consider the lay evidence which relates to that issue. The lay testimony establishes that during the 10-month period which intervened between the time of the accident and the date of the trial plaintiff engaged in a number of activities of a somewhat strenuous nature. On several occasions during that period, for instance, he went crawfishing, catching crawfish both for his own use and for sale to others, and this activity involved wading knee-deep in mud and doing a considerable amount of stooping or bending. On at least one occasion he went seining for fish, and while so engaged he assisted in pulling a net or seine through water approximately four feet deep. During the summer of the year 1962, he regularly mowed his own lawn as it became necessary to do so, using a gasoline powered lawnmower which he started on each occasion with a starting rope. In June, 1962, he and his wife pushed their automobile in order to get it started. In December of that year, while hunting geese, he crawled on his stomach in a rice field for a distance of from 200 to 300 yards in order to get close enough to shoot the game. And shortly before the trial, he assisted two other men in carrying a cook stove into his home.
Seven of plaintiff’s neighbors and acquaintances testified that they have observed plaintiff engaging in some of the above-mentioned activities after the accident allegedly occurred, and that they have never heard him complain of pain in his back and that he has showed no signs of limitation of motion or disability at any time since he claims to have been injured. Plaintiff produced no lay witnesses, other than himself and his wife, whose testimony tends to contradict the statements of these neighbors and acquaintances. We think the lay evidence indicates that plaintiff has fully recovered from his alleged injury by July 2, 1962, and that he has not been disabled *597 because of a work-connected accident since that time.
The trial judge, after carefully analyzing all of the evidence in his excellent written reasons for judgment, concluded: “If plaintiff did suffer an accident during the course and scope of his employment on the morning of March 26, 1962, this Court is convinced that he recovered from that accident on or before July 2, 1962, the date that he was discharged by Dr. Edmond C. Campbell.”
In our opinion the evidence supports the conclusion reached by the trial judge, and accordingly, we find no error in his finding that plaintiff had recovered by July 2, 1962, from any injury which he sustained during his employment by defendant.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.